FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ JAN 05 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DARIUS BURRIS,

                        Plaintiff,

            -against-

WHITNEY CAPITAL MANAGEMENT ET AL,

                      Defendants.
---------------------------------------------------------------X

ORDER
15-CV-1207 (JFB) (GRB)

JOSEPH F. BIANCO, District Judge:

    The Court has received plaintiff's letter, in which he states that he never received the Court's October 1, 2015 Order, which ordered plaintiff to respond no later than October 15, 2015 explaining why his lawsuit should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Accordingly, IT IS HEREBY ORDERED that the October 29, 2015 Order dismissing the case for failure to prosecute is vacated, and the Clerk of the Court shall vacate the judgment. Plaintiff shall have until February 19, 2016 to submit his opposition to defendants' motion to dismiss.

    Further, to the extent that plaintiff's letter requests the appointment of counsel in this case, plaintiff's request is denied without prejudice. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principles.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court

1

should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy Hodge's required threshold showing of likely merit).

The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation. As a threshold matter, the Court is unable to conclude that plaintiff's position is likely to be of substance. In any event, after considering the above-referenced Hodge factors in the context of the plaintiff's application and complaint, the Court is unable to conclude that the appointment of counsel is warranted. Specifically, the Court concludes that the factual and legal issues presented are not unduly complex and that there is no other special reason that appointment of counsel would be more likely to lead to a just determination in this case.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at a later stage of these proceedings, if circumstances warrant such an application.

SO ORDERED.

S/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2016
Central Islip, New York

2