UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARIUS BURRIS,

                        Plaintiff,

      -against-
                                            **REPORT &amp;**
                                            **RECOMMENDATION**
                                            15-CV-1207 (PKC)(AYS)

WHITNEY CAPITAL INC., SPINNEY HILL
HOMES, NORTH HEMPSTEAD HOUSING,
NASSAU COUNTY POLICE, ALEXANDER
SKLAVOS, ESQ., DAVID GALLO, NICOLLETT
SIMMONS, SEAN RAINEY, DET. CHEN,
ANTHONY NICOLIC, DET. GROSS, P.O.
JOHN DOE, SGT. JOHN DOES 1-2, JOHN
DOES 1-2. PAUL DELLE, ESQ.,

                       Defendants.
-----------------------------------------------------------

**ANNE Y. SHIELDS, Magistrate Judge:**

      Plaintiff Darius Burris ("Plaintiff" of "Burris") commenced this action on March 2, 2015 against Defendants Whitney Capital Inc., Spinney Hill Homes, North Hempstead Housing, Nassau County Police, Alexander Sklavos, Esq., David Gallo, Nicollett Simmons, Sean Rainey, Det. Chen, Anthony Nicolic ("Nicolic"), Det. Gross, and Paul Delle, Esq. ("Delle") (collectively "Defendants"), alleging, violations of his civil rights pursuant to 42 U.S.C. § 1983. Specifically, when broadly construed, Plaintiff alleges <u>inter alia</u> claims of false arrest, malicious prosecution, and violation of due process.

      Through settlement and <u>sua sponte</u> dismissal by the Court, all but four defendants have been dismissed from this action. Three of the remaining defendants, Det. Chen, Anthony Nicolic, and Det. Gross have failed to respond to the Complaint. While the fourth remaining defendant, Paul Delle, Esq., did respond to the Complaint, he has failed to participate in this action since

filing his response over five years ago, despite several Court orders directing him to do so and warning him that failure to participate may result in an issuance of a certificate of default against him.

Presently, before this Court, on referral from the Honorable Pamela K. Chen, is Plaintiff's motion for default judgment against the four remaining defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Docket Entry ("DE") [105]. For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion for default judgment be denied in its entirety.

## BACKGROUND

I.  Facts

In March 2011, Plaintiff's brother, Bryant Graham, died. Compl., p. 4, DE [1]. Prior to his death, Bryant Graham had a Section 8 lease for an apartment at the Spinney Hill Homes apartment complex in North Hempstead, New York. Id. Following his brother's death, Plaintiff attempted to have his brother's Section 8 lease transferred to his name and obtain his brother's rights to Section 8 housing. See generally Compl.

On or about April 7, 2011, Plaintiff alleges that he was wrongfully evicted from the apartment and denied access to the property within the apartment. Compl., p. 4. Plaintiff filed for a stay of the eviction which was denied. Id. Following the denial, Plaintiff attempted to file a formal complaint with the police which was similarly rejected. Compl., p. 7. Plaintiff then reached out to Sean Rainey, Executive Director of North Hempstead Housing Authority about his situation. Id. Plaintiff claims that Rainey became angry with him and told him that he would not be added to the lease and was not entitled to the property within the apartment because Plaintiff was not Bryant Graham's brother. Id.

Plaintiff alleges that in April 2011, Nicollette Simmons, the property manager, changed the locks to the apartment and denied Plaintiff entry to the apartment. Compl., p. 7-8. Petitioner next reached out to several of the Defendants to voice his frustration and anger regarding the situation. During this time Plaintiff was informed that the lease could not be transferred to his name because of his criminal record. Id. at p. 8.

Plaintiff alleges that in April 2011, Nicollete Simmons filed charges against him for harassment, and that soon thereafter he was arrested on those charges. Compl., p. 9-10. Plaintiff claims that during the trial held in Nassau County Court, Det. Chen stated on the record that the Nassau County Detective Squad as well as Nicolic secretly helped to evict him from his brother's apartment, lied to him about the location of his mother's urn, and placed him in Suffolk County jail, where he was harassed. Id. at p. 9-11.

Plaintiff alleges that he contacted his then attorney of record, Defendant Paul Delle, Esq. ("Delle"), regarding his confinement in the Suffolk County jail and the harassment but was not provided any assistance. Compl., p. 11. Plaintiff claims that Delle hung up on him, provided the Courts with false information, and created a hostile environment in Nassau County Court during his trial. Id. In March 2012, Plaintiff was found not guilty on the harassment charges. Id. at p. 12.

II. Procedural History

Plaintiff commenced this action on March 2, 2015. See DE [1]. On March 17, 2015, Plaintiff was granted leave to proceed in forma pauperis and the United States Marshal Service for the Eastern District of New York was directed to serve the named defendants with copies of Plaintiff's summonses and complaint. DE [6]. Summonses were issued and all Defendants, including Det. Chen, Det Gross, Nicolic and Dell were properly served. DE [20]. Det. Chen, Det. Gross and Nicolic were served on May 6, 2015, while Delle was served on May 8, 2015. See id.

Delle answered the Complaint on May 29, 2015. DE [22].

To date, Det. Chen, Det. Gross and Nicolic have failed to appear in this matter. In the five years following Delle's answer, he has failed to make any further appearances in this matter, despite the Court's repeated orders for updates regarding his status and warning him that failure to comply would result in a certificate of default being entered against him for failing to defend this action. See Orders dated 8/12/2019, 9/13/2019, 10/03/2019, 11/20/2019, 12/27/2019.

On October 10, 2019, Plaintiff requested that a certificate of default be issued for Det. Chen, Det. Gross and Nicolic. See DE [96]. On October 17, 2019, the District Court granted Plaintiff's request and Certificates of Default for Det. Chen, Det. Gross and Nicolic were entered by the Clerk of the Court on October 29, 2010. See DE [97]. On December 27, 2019, following Delle's repeated failure to comply with the District Court's orders to file a status report, the District Court directed the Clerk of the Court to enter a certificate of default against Delle for failing to defend this action pursuant to Federal Rule of Civil Procedure 55(a). See Order dated 12/27/2019. On January 14, 2020, the Clerk of the Court entered a notation of default as to Delle. See DE [101].

Following the issuance of all the certificates of default, the District Court directed Plaintiff to move for default judgment against all the remaining defendants. See Orders dated 10/17/2019, 1/16/2020. After several extensions of time, Plaintiff filed the instant motion for default judgment on June 16, 2020. DE [105]. The motion was referred to this Court for Report and Recommendation. See Order dated 10/05/2020.

## DISCUSSION

I.   Legal Standard

A defending party who fails to adequately respond to a complaint risks default. Courts

are directed to engage in a two-step process for the entry of a judgment against a party who fails to defend: first, the Clerk of Court enters default, and second, a judgment is entered on the default. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Rule 55(a) of the Federal Rule of Civil Procedure sets forth the first step as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). While a "typical" default is entered "because a defendant failed to file a timely answer[,] . . . a district court is also empowered to enter a default against a defendant that has failed to 'otherwise defend.'" Mickalis Pawn Shop, 645 F.3d at 129 (citing Fed. R. Civ. P. 55(a)) (other citation and bracket omitted).

When a court enters a default judgment, it "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled. . . ." Mickalis Pawn Shop, 645 F.3d at 128. Simply because the Clerk enters a default, however, does not entitle the plaintiff to a default judgment. See Scottsdale Ins. Co. v. Priscilla Properties, LLC, 254 F. Supp. 3d 476, 484 (E.D.N.Y. 2017). A default judgment should be considered only as a "last resort." GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Defendants were duly served, see Fed. R. Civ. P. 4(e)(2)(B)-(C), and have been on actual notice of the litigation for over five and a half years. Nonetheless, they have consistently failed to

participate in this case despite repeated opportunities to do so. Accordingly, upon a demonstration of liability, the entry of judgment by default would be warranted. As set forth below, however, the Court finds that the Complaint does not set forth allegations supporting a valid claim against any of the Defendants.

II. Liability

Following the Clerk's entry of default, this Court considers as true all factual allegations in Plaintiff's Complaint relating to liability. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). But the court still must determine whether the factual allegations, taken as true, establish the Defendants' liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (following entry of default, the court is "required to determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law").

A. 42 U.S.C. § 1983 Claim

This Court must first determine whether Plaintiff has adequately pled the requirements of liability under 42 U.S.C. § 1983.

42 U.S.C. § 1983 does not itself create substantive rights; it offers "a method for vindicating federal rights elsewhere conferred." Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

To succeed on a § 1983 conspiracy claim, a plaintiff must prove: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury;

and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002). Conclusory allegations that a private person acted in concert with a state actor are insufficient to maintain a conspiracy claim under § 1983. Id. at 325.

    i. Individual Defendants

"An individual defendant is not liable under § 1983 absent personal involvement." Morris v. Eversley, 282 F. Supp. 2d 196, 202 (S.D.N.Y. 2003) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); Spavone v. New York State Dept. of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim. See, e.g., Wright v. Orleans Cnty., No. 14-cv-0622A, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a § 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which requires a short and plain statement of the claim showing that the pleader is entitled to relief." (citation and quotation marks omitted)); Holmes v. Allstate Corp., No. 11–civ–1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("Plaintiffs' method of group pleading is incoherent or illogical" and "[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."); Pierson v. Orlando Regional Healthcare Systems, Inc., 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (dismissing complaint because group-pleading method of collectively referring to individual defendants and two physician groups as "Peer Review Defendants" throughout complaint did not satisfy [FRCP] 9(a)).

1. Det. Chen, Det. Gross and Nicolic

With respect to Det. Chen, Det. Gross and Nicolic, the allegations in the Complaint are insufficient to show personal involvement in unlawful conduct that supports any of Plaintiff's claims. Based on the Complaint, the participation of these detectives was limited to a statement allegedly made by Det. Chen on the record that the Nassau County Detective Squad "participated in the secret eviction, and or helped out with the move of the petitioner's apartment." Compl., p 10. The Complaint further alleges that Det. Chen also stated that the "investigation was conducted by Det. Nicolic." Id. Det. The Complaint is devoid of any allegations from which to infer that these three detectives were involved, in any way, in the conduct that gives rise to Plaintiff's Section 1983 claims, e.g., arresting Plaintiff without probable cause, initiating criminal process against him, depriving him of due process. Nowhere in the Complaint does Plaintiff allege that he was arrested by any of the three detectives. Rather, the Complaint alleges that Plaintiff was "arrested by the Nassau County Police for fictitious charges. . . ." Id. at 9. The detectives' alleged mere presence at the eviction is simply not enough to allege their direct involvement in any unlawful conduct alleged in this case, as opposed to their incidental involvement in some of the events related to Plaintiff's arrest and detention.

2. Defendant Delle

With respect to any possible § 1983 claim Plaintiff may be alleging against Defendant Delle, viewing the facts in a light most favorable to Plaintiff, such a claim cannot succeed.

It is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983. See, e.g., Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450 (1981). A private individual may be subject to § 1983 liability "if he or she willfully collaborated with an official state actor in the deprivation of the federal right." Dwares v. City of

New York, 985 F.2d 94, 98 (2d Cir. 1993). To the extent Plaintiff alleges a conspiracy under § 1983 for any of the federal claims, Plaintiff cannot succeed on such a theory.

Not only are Plaintiff's statements conclusory and therefore insufficient to allege a conspiracy, Plaintiff has failed to allege that there was any agreement between Defendant Delle, Plaintiff's attorney of record for the trial, and a state actor. Even if Plaintiff's allegations in the Complaint are all true, Plaintiff fails to allege that Delle conspired with any state actor. Thus, Plaintiff has failed to adequately allege any conspiracy claim against Delle arising under § 1983 and Delle cannot be liable to plaintiff under § 1983

## CONCLUSION

This Court respectfully recommends that the Plaintiff's motion for default judgment be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being mailed to the pro se Plaintiff as well as the Defendants. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty.,

517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
February 25, 2021

      /s/ Anne Y. Shields
      ANNE Y. SHIELDS
      United States Magistrate Judge