UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARIUS BURRIS,

                      Plaintiff,

          - against -

DET. CHEN; DET. GROSS; P.O. JOHN DOE;
JOHN DOES; SGT. JOHN DOES 1–2; PAUL
DELLE, ESQ.,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-1207 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Darius Burris, proceeding *pro se*, sued Defendants Whitney Capital Inc., Spinney Hill Homes, North Hempstead Housing, Nassau County Police Department ("NCPD"), Alexander Sklavos, Esq., David Gallo, Nicollett Simmons, Sean Rainey, Det. Chen, Det. Anthony Nicolic, Det. Gross, and Paul Delle, Esq. on March 2, 2015.[1] (*See generally* Complaint ("Compl."), Dkt. 1.) He alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), including false arrest, malicious prosecution, and ineffective assistance of counsel.[2]

       All but four Defendants have been dismissed. (*See* Stipulation of Dismissal, Dkt. 99; 11/12/2019 Docket Order.) Three of the remaining Defendants, Dets. Chen, Gross, and Nicolic, have failed to respond to the Complaint. Although the fourth Defendant, Attorney Delle, responded to the Complaint (*see* Answer, Dkt. 22), he has failed to participate in this action since filing his response almost six years ago, despite several court orders directing him to do so and

---

[1] The Complaint does not state the first names of Defendants Dets. Chen and Gross.

[2] Because Plaintiff is *pro se*, the Court reads his Complaint liberally, interpreting it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

1

warning him that failure to participate could result in a default (*see, e.g.*, 8/12/2019 Docket Order; 9/13/2019 Docket Order; 10/3/2019 Docket Order; 11/20/2019 Docket Order; *see also* 12/27/2019 Docket Order).

On October 29, 2019, the Clerk of Court entered Certificates of Default as to Dets. Chen, Gross, and Nicolic (Dkt. 97), and, on January 14, 2020, as to Attorney Delle (Dkt. 101). At the Court's direction, Plaintiff moved for a default judgment against Dets. Chen, Nicolic, and Gross, and Attorney Delle ("Defaulting Defendants"). (Dkt. 105.) The Court referred that motion to Magistrate Judge Anne Y. Shields (10/5/2020 Docket Order), who issued a Report and Recommendation ("R&R") on February 25, 2021, recommending that the Court deny Plaintiff's motion in its entirety (Dkt. 107). For the reasons below, the Court adopts the R&R in full.

**BACKGROUND**

**I.    Factual Background**[3]

In March 2011, Plaintiff attempted to have his name added to the lease for an apartment (the "Apartment") at the Spinney Hill Homes apartment complex in North Hempstead, New York, that was in the name of his deceased brother, Bryant Graham. (Compl., Dkt. 1, at ECF[4] 4.) On or about April 7, 2011, Plaintiff was evicted from the Apartment and denied access to the personal property in the Apartment. (*Id.* at ECF 4, 7.) Plaintiff attempted to file a formal complaint with

---

[3] For purposes of Plaintiff's default judgment motion, the Court assumes the truth of all non-conclusory allegations that do not relate to the proper amount of damages. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("[A] court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor[]" when the plaintiff moves for default judgment).

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

the police, which was rejected. (*Id.* at ECF 7.) He also filed for a stay of the eviction in the Nassau County Housing Court, which was denied. (*Id.* at ECF 4.)

Plaintiff contacted Rainey, Supervisor of North Hempstead Housing Authority, about his situation. (*Id.* at ECF 7.) Rainey became angry with Plaintiff and told him that he would not be added to the lease, was not entitled to the property in the apartment, and was not Graham's brother. (*Id.*)

In April 2011, Simmons, the property manager for the apartment complex, changed the locks to the Apartment and denied Plaintiff entry.[5] (*Id.* at ECF 7–8; *see id.* at ECF 10.) Plaintiff contacted several Defendants about the situation, and they informed him that the lease could not be transferred to his name because of his criminal record. (*Id.* at ECF 8.)

After repeatedly contacting Defendants and "seek[ing] help" from the "Office of Section 8," Plaintiff "was arrested by the [NCPD] for [allegedly] fictitious charges placed by . . . Simmons[,] . . . Rainey[,] . . . [and] Gallo," and Simmons "filed charges" against Plaintiff for harassment. (*Id.* at ECF 9–10.) Plaintiff claims that the Nassau County Detective Squad secretly helped to evict him from the Apartment, lied to him about the location of an urn containing his mother's ashes, and placed him in Suffolk County jail, where he was harassed. (*Id.* at ECF 10–11.) During Plaintiff's trial in Nassau County Court, Det. Chen stated on the record that "the investigation was conducted by Det. Nicolic." (*Id.* at ECF 10.) Det. Gross "said he would investigate [Plaintiff's alleged] unlawful eviction" and misrepresented to Plaintiff that his mother's ashes were at the police station. (*Id.* at ECF 8, 10.)

---

[5] The Complaint states that Simmons "change[d] the lock[]s and [] deprive[d] the Defendant to not re-enter [the] Apartment" (Compl., Dkt. 1, at ECF 7), but the Court assumes Plaintiff intended to allege that changing the locks prevented *Plaintiff* from re-entering.

Plaintiff contacted his then-attorney of record, Attorney Delle, regarding his confinement and harassment in the Suffolk County jail. (*Id.* at ECF 11.) Plaintiff alleges that Attorney Delle did not provide any assistance, hung up on Plaintiff, provided the courts with false information, and created a hostile environment in Nassau County Court during his trial. (*Id.*) In March 2012, a jury acquitted Plaintiff on the harassment charges. (*Id.* at ECF 12.)

## II. Procedural Background

Plaintiff commenced this action on March 2, 2015. (*See generally id.*) In his Complaint, Plaintiff seeks damages under Section 1983 for the time he "spent incarcerated upon fictitious charges," for "being falsely charged by the [NCPD]," and "from Paul Delle for ineffective assistance of Counsel."[6] (*Id.* at ECF 6.) The United States Marshal Service for the Eastern District of New York properly served summonses to all Defendants, including Dets. Chen, Gross, and Nicolic, and Attorney Delle. (Dkt. 20.) Dets. Chen, Gross, and Nicolic were served on May 6, 2015, and Attorney Delle was served on May 8, 2015. (*See id.*)

Attorney Delle answered the Complaint on May 29, 2015. (Dkt. 22.) Dets. Chen, Gross, and Nicolic have failed to appear in this matter. In the five years following Attorney Delle's Answer, he has failed to make any further appearances in this matter, despite the Court's repeated orders for updates regarding his status and warnings that failure to comply would result in a certificate of default being entered against him for failing to defend this action. (*See* 8/12/2019, 9/13/2019 6:29 PM EDT, 10/03/2019, 11/20/2019, and 12/27/2019 Docket Orders.)

On October 10, 2019, Plaintiff requested that a certificate of default be issued as to the NCPD. (*See* Dkt. 96.) On October 17, 2019, the Court construed that request as a request for

---

[6] Plaintiff also requests "an apartment within the Spinney Hill Homes along with the transfer of Section 8 and or enrollment in the Federal program." (Compl., Dkt. 1, at ECF 6.)

certificates of default as to Dets. Chen, Nicolic, and Gross, as the NCPD had been *sua sponte* terminated as a non-suable entity. (10/17/2019 Docket Order; *see* 9/13/2019 11:32 AM EDT Docket Order.) The Clerk of the Court entered the certificates of default for Dets. Chen, Gross, and Nicolic on October 29, 2019. (*See* Dkt. 97.) On November 12, 2019, Defendants Rainey, Simmons, Sklavos, Spinney Hill Homes, Whitney Capital Management, Gallo, and North Hempstead Housing were dismissed pursuant to a stipulation between Plaintiff and these Defendants. (Dkt. 99; *see* 11/12/20219 Docket Order.) On December 27, 2019, following Attorney Delle's repeated failure to comply with the Court's orders to file a status report, the Court directed the Clerk of Court to enter a certificate of default against him for failing to defend this action. (*See* 12/27/2019 Docket Order.) On January 14, 2020, the Clerk of the Court entered default as to Attorney Delle. (*See* Dkt. 101.)

The Court directed Plaintiff to move for default judgment against Defaulting Defendants. (*See* 10/17/2019 and 1/16/2020 Docket Orders.) After several extensions of time, Plaintiff filed the instant motion for default judgment on June 16, 2020. (Dkt. 105.) The Court referred the motion to Magistrate Judge Anne Y. Shields to issue an R&R.[7] (*See* 10/05/2020 Docket Order.)

On February 25, 2021, Judge Shields issued an R&R recommending that the Court deny Plaintiff's motion in its entirety. (Dkt. 107.) On March 22, 2021, Plaintiff requested an extension of time to submit objections to the R&R (Dkt. 108), which the Court granted (3/23/2021 Docket Order). The Court allowed Plaintiff until April 9, 2021 to submit objections. (3/23/2021 Docket

---

[7] A district court judge may designate a magistrate judge to submit to the court a proposed report and recommendation as to the disposition of a motion. *See* 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate judge's report. *See id.* On *de novo* review of those portions of the record to which objections are made, the district court may accept, reject, or modify the recommendation made by the magistrate judge. *Id.*

Order.) On April 20, 2021, after the deadline, Plaintiff filed his objections to the R&R. (*See generally* Objection to Report and Recommendation ("Pls. Obj."), Dkt. 109.) Nevertheless, the Court has considered the R&R and Plaintiff's objections, and it adopts the R&R in full.[8]

## LEGAL STANDARDS

**I.  Default Judgment**

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). "Under Rule 55, a party defaults when he 'has failed to plead or otherwise defend' the case at hand." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013) (quoting Fed. R. Civ. P. 55(a)).

"Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

> The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted

---

[8] Plaintiff's objections were dated April 7, 2021, postmarked April 13, 2021, and received by the Court—and thus filed—on April 20, 2021. (*See* Pls.' Obj., Dkt. 109, at ECF 1, 5.) Having not received Plaintiff's objections before the deadline, the Court entered an order adopting the R&R, on April 15, 2021, after finding that it was not "clearly erroneous." (*See* 4/15/2021 Docket Order.) Because the Court received Plaintiff's objections shortly after the deadline, however, the Court replaces its April 15, 2021 Order with this Order.

by Rule 54(c). Under Rule 55(b), a default judgment ordinarily must be entered by the district judge[.]

*Mickalis Pawn Shop, LLC*, 645 F.3d at 128.

When a plaintiff moves for default judgment after a defendant's default, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "However, it is also true that a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).[9] Thus, "[w]hile a defaulting defendant admits all well-pleaded factual allegations apart from those relating to damages, it remains incumbent on the Court to review the allegations in the complaint to determine if [the] plaintiff has met its burden to ensure the elements of each claim have been pleaded adequately." *Fourtek Teknoloji Ve Guvenlik Sistemleri, A.S. v. GSI-Orient, Inc.*, No. 19-CV-3555 (RRM) (CLP), 2020 WL 2527754, at *5 (E.D.N.Y. Feb. 26, 2020) (citing *Au Bon Pain Corp.*, 653 F.2d at 65).

"[A] default judgment is the most severe sanction which the court may apply." *Mickalis Pawn Shop, LLC*, 645 F.3d at 129 (quotations and citation omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

---

[9] The Second Circuit has "suggested that, prior to entering default judgment, a district court is *required* to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 (quotations and brackets omitted) (emphasis added); *see also Priestley v. Headminder, Inc.*, 647 F.3d 497, 506 (2d Cir. 2011) ("Because the facts alleged fail to support, and actually disprove, the [plaintiff's claim], the district court erred to the extent it entered a default judgment[.]").

7

## II. 42 U.S.C. § 1983

Section "1983 does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Village of Freeport v. Barrella*, 814 F.3d 594 n.8, 600 (2d Cir. 2016) (quotations omitted). "To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law." *Id.* Further, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (quotations and citation omitted). "With respect to a claim for false arrest, this means that each individual must have been personally involved in the arrest in order to be held liable." *Nardoni v. City of New York*, 331 F. Supp. 3d 116, 123 (S.D.N.Y. 2018) (quotations and citation omitted).

"[T]o state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (quotations and citation omitted). "[A]llegations of a corrupt agreement, which rest on rank speculation, are inadequate to support . . . conspiracy claims under . . . § 1983." *Id.*

## DISCUSSION

Because Plaintiff seeks a default judgment on claims arising pursuant to Section 1983, the R&R considered whether his allegations could establish Defaulting Defendants' Section 1983 liability as a matter of law.

## I. Dets. Chen, Gross, and Nicolic

Plaintiff alleges Dets. Chen, Gross, and Nicolic falsely arrested and maliciously prosecuted him.

A.   **Legal Standards**

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quotations and citations omitted); *see also Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) ("Claims for false arrest brought under Section 1983 are substantially the same as claims for false arrest under state law." (quotations and citation omitted)); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) ("[M]alicious prosecution [claims] under § 1983 are substantially the same as claims for malicious prosecution under state law." (quotations and citations omitted)).

"Under New York law, to prevail on a claim for false arrest, a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Ashley*, 992 F.3d at 136 (alteration, quotations, and citation omitted).

> A malicious prosecution claim under New York law requires the plaintiff to prove (1) the initiation or continuation of a criminal proceeding against [the] plaintiff; (2) termination of the proceeding in [the] plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for [the] defendant's actions.

*Jocks*, 316 F.3d at 136 (quotations and citation omitted).  Generally, where probable cause is lacking, malice is presumed at the pleading stage.  *See Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003) ("A lack of probable cause generally creates an inference of malice." (citation omitted)).

B.   **Plaintiff Inadequately Pleads False Arrest and Malicious Prosecution**

Plaintiff's false arrest and malicious prosecution claims against Dets. Chen, Gross, and Nicolic cannot "establish [their] liability as a matter of law," *Finkel*, 577 F.3d at 84, because

9

Plaintiff does not allege the "personal involvement of [these] defendants in alleged constitutional deprivations," *Kinter*, 938 F.3d at 36 (quotations omitted). The Complaint's only references to Dets. Chen and Nicolic are that "Det. Chen stated . . . [that] the investigation was conducted by Det. Nicolic," and that these two Defendants, along with "several other Nassau County Police," "fabricated" the location of Plaintiff's property after his eviction from the Apartment. (Compl., Dkt.1, at ECF 10–11.) The Complaint references Det. Gross only insofar as he "said he would investigate [Plaintiff's alleged] unlawful eviction," and allegedly misrepresented to Plaintiff that some of his property was at the police station. (*Id.* at ECF 8, 10.)

The Complaint does not link these assertions to the claims that Plaintiff was "incarcerated upon fictitious charges" and "falsely charge[d]." (*Id.* at ECF 5.) It does not allege that Dets. Chen, Gross, and Nicolic were "personally involved in the arrest," *Nardoni*, 331 F. Supp. 3d at 123 (citation omitted), or that they "initiat[ed] or continu[ed] . . . a criminal proceeding against [P]laintiff," *Jocks*, 316 F.3d at 136 (citation omitted). Although Plaintiff appears to allege Dets. Chen, Gross, and Nicolic were involved in the investigation resulting in his eviction, he does not appear to claim they were involved in the investigation leading to his arrest or prosecution. Rather, he claims he "was arrested by the [NCPD] for fictitious charges placed by . . . Simmons[,] . . . Rainey[,] . . . [and] Gallo," and that Simmons filed charges against him for harassment. (Compl., Dkt. 1, at ECF 9–10.)

The Court therefore agrees with the R&R that "the allegations in the Complaint are insufficient to show personal involvement in unlawful conduct that supports any of Plaintiff's claims." (Dkt. 107, at 8); *see, e.g.*, *Nunez v. City of New York*, No. 14-CV-4182 (RJS), 2016 WL 1322448, at *5, *7 (S.D.N.Y. Mar. 31, 2016) (dismissing false arrest and malicious prosecution claims for failing to "indicate which officers . . . were involved in the arrest of Plaintiff" or

"suggest that any of the [police officer] Defendants were involved in initiating Plaintiff's prosecution"), *aff'd*, 735 F. App'x 756 (2d Cir. 2018); *Rodriguez v. City of New York*, 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009) (dismissing a false arrest claim for lack of personal involvement because the defendant merely "assisted the New York City Police Department officers in their investigation of the plaintiff").[10] Plaintiff fails to rebut this conclusion in his objections to the R&R.[11] Thus, Plaintiff is not entitled to a default judgment against Dets. Chen, Gross, and Nicolic because he has not shown that his "allegations establish [their] liability as a matter of law." *Finkel*, 577 F.3d at 84.

---

[10] In addition to false arrest and malicious prosecution, Judge Shields considered a due process claim suggested by the Complaint, finding that for the same reasons that applied to Plaintiff's other claims, such a claim was not sufficiently alleged to justify default judgment against any Defendant. (Dkt. 107, at 8.) The Court agrees with the R&R on that finding as well.

[11] To the extent Plaintiff attempts to establish Dets. Chen's and Nicolic's personal involvement in the allegedly false arrest and malicious prosecution by asserting in his objections that they "asked defendant Simmons to file charges against Plaintiff" (Pls. Obj., Dkt. 109, at ECF 2), this allegation does not appear in the Complaint, was not argued before the magistrate judge, and therefore cannot be considered. *See, e.g.*, *J & J Sports Prods., Inc. v. Abdelraouf*, No. 18-CV-2547 (ARR) (VMS), 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) ("Plaintiff's assertion that a court may consider documents outside of the pleadings when evaluating a defendant's liability on a motion for default judgment is plainly contradicted by black-letter law."); *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013) (declining to consider evidence "extrinsic to the [pleadings]" in reviewing a motion for default judgment because "whether Plaintiffs are entitled to a default judgment . . . is limited to the non-conclusory, factual allegations in the [pleadings]" (citations omitted)); *Selah v. Fischer*, No. 09-CV-1363 (GLS) (DEP), 2013 WL 5603866, at *4 (N.D.N.Y. Oct. 11, 2013) ("Generally, courts do not consider such new arguments or new evidence raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not[.]" (quotations and citation omitted)). As noted below, however, Plaintiff may amend his complaint to include specific facts elaborating on this assertion, to the extent such facts would support his claims. *See, e.g.*, *Alvarez v. County of Orange*, 95 F. Supp. 3d 385, 400 n.1 (S.D.N.Y. 2015) (finding that the plaintiff sufficiently pled personal involvement in a false arrest action where he "allege[d] that [the defendant] directly participated in the investigation, directed the investigation, and instructed [the Deputy Sheriff] to arrest [the] [p]laintiff").

## II. Attorney Delle

Plaintiff alleges Attorney Delle provided ineffective assistance of counsel.

### A. Legal Standard

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel. "To warrant relief, a defendant must demonstrate both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017) (footnote omitted) (quoting *Strickland*, 466 U.S. at 687).

"[A]n ineffectiveness cause of action would be inappropriate in a proceeding brought under § 1983," *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citations omitted), because an attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Mahapatra v. Comstock*, 1998 WL 88054, at *2 (2d Cir. 1998) (Table) ("[A]n attorney does not act under color of state law when representing a client." (citing *Polk County*, 454 U.S. at 318)).

### B. Plaintiff Inadequately Pleads Ineffective Assistance of Counsel

Plaintiff's claims against Attorney Delle, taken as true, fail to establish his liability as a matter of law. The Complaint alleges that Attorney Delle "lied to the Court about [Plaintiff], . . . hung up on [Plaintiff][,] and wrote letter[]s to disturb [Plaintiff]." (Compl., Dkt. 1, at ECF 11.) It also asserts that Attorney Delle "never helped [Plaintiff][,] transmitted false information to the courts[,] and created a hostile environment in the court." (*Id.*) The Complaint seeks damages from Attorney Delle "for ineffective assistance of counsel." (*Id.* at ECF 5.)

These claims cannot establish Attorney Delle's liability under Section 1983 because, as Plaintiff's lawyer, Attorney Delle, "[did] not act under color of state law," *Dodson*, 454 U.S. at

325, so "an ineffectiveness cause of action [against Attorney Delle is] inappropriate in a proceeding brought under § 1983," *Bourdon*, 386 F.3d at 90. Plaintiff is therefore not entitled to a default judgment on his ineffective-assistance-of-counsel claim as to Attorney Delle.[12]

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full. Plaintiff's motion for default judgment is denied in its entirety. Plaintiff is permitted to amend his Complaint to allege specific facts, to the extent such facts exist, against Dets. Nicolic and Chen in light of Plaintiff's assertion in his objections to the R&R that "Defendants[] Chen[] and Nicolic . . . visited . . . Defendant Simmons . . . and asked Simmons to file charges against Plaintiff." (*See* Pls. Obj., Dkt. 109, at ECF 2.) If Plaintiff files an Amended Complaint, the Court will determine whether it sufficiently states any claim against Dets. Chen and/or Nicolic, *see* 28 U.S.C. § 1915(e)(2) (requiring that, pursuant to the *in forma pauperis* statute, a court dismiss a case where the action "fails to state a claim on which relief may be granted"),[13] and, if so, will direct service of the Amended Complaint by the United States Marshals Service on Defendants Chen and/or Nicolic.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 29, 2021
      Brooklyn, New York

---

[12] The Court agrees with the R&R that, "[t]o the extent Plaintiff alleges a conspiracy under § 1983 for any of the federal claims, Plaintiff cannot succeed on such a theory," because he "has failed to allege that there was any agreement between Defendant Delle, Plaintiff's attorney of record for the trial, and a state actor." (Dkt. 107, at 9.)

[13] Plaintiff, who is proceeding *pro se*, was granted *in forma pauperis* status in March 2015. (Dkt. 6.)